IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ESTATE OF HILDEBRAND PESTANO, )
BY SHIRLEY J. PESTANO, )
Administrator of the Estate, and )
SHIRLEY J. PESTANO, Spouse and Heir of )
HILDEBRAND PESTANO, )
　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　 )
v. )
　　　　　　　　　　　　　　　　　　　　　 )　　No. 05-2518–CM
　　　　　　　　　　　　　　　　　　　　　 )
TRANS HEALTHCARE INCORPORATED )
d/b/a INDIANS MEADOWS HEALTH )
CARE CENTER, )
　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Defendant. )
　　　　　　　　　　　　　　　　　　　　　 )

## MEMORANDUM AND ORDER

　　　　Plaintiff Shirley J. Pestano, a resident of Kansas and acting as spouse, heir, and administrator of the estate of Hildebrand Pestano, brings this negligence and wrongful death action against defendant Trans Healthcare Incorporated, a Maryland corporation. On October 21, 2004, plaintiff's husband was admitted to "Indian Meadows, a THI corporation." As part of the admission process, plaintiff signed an admission contract. The contract contains an arbitration clause for all claims. However, the nature of the relationship between plaintiff and defendant is disputed. Defendant states that it does not operate Indian Meadows. Instead, defendant claims that THI of Kansas at Indian Meadows, LLC, which is not a parent or subsidiary corporation of defendant, operates the facility.

　　　　The case is now before the court on Defendant's Motion to Dismiss, Alternative Motion to Stay Proceedings and Compel Arbitration (Doc. 4). Defendant asks the court to enforce the

arbitration clause in the admission contract either by 1) dismissing the case with prejudice; or 2) compelling arbitration and staying this case until arbitration is completed. For the following reasons the court denies defendant's motion.

**I.     The arbitration clause**

The court's jurisdiction in this action is based on diversity jurisdiction. When acting under diversity jurisdiction, federal courts must apply state law. *Salt Lake Tribune Publ'g Co. v. Mgmt. Planning, Inc.*, 454 F.3d 1128, 1134 (10th Cir. 2006) (citations omitted). Under Kansas law, courts construe arbitration agreements according to the rules of contract interpretation. *City of Lenexa v. C.L. Fairley Constr. Co.*, 777 P.2d 851, 854 (Kan. 1989) (citations omitted). While Kansas law allows a third party to enforce a contract, the third party must be an intended beneficiary. *State ex rel Stovall v. Reliance Ins. Co.*, 107 P.3d 1219, 1231 (Kan. 2005) (citations omitted). To be an intended beneficiary, the third party must show a provision in the contract that benefits the third party. *Id.*

Defendant does not cite a provision in the admission contract that benefits it. Instead, defendant highlights that it does not operate the facility to which plaintiff's husband was admitted. According to defendant, it is not a parent or a subsidiary corporation of the entity that operates the facility. Defendant claims that the two entities follow corporate formalities and maintain separate corporate existences. Based on defendant's representations, the court finds that defendant is not an intended beneficiary of the admission contract and is prohibited from enforcing the arbitration clause.

The court is aware of the Tenth Circuit's statement that "[i]f the [Federal] Arbitration Act is applicable, federal law governs the enforcement of and challenges to an arbitration award, even in

-3-

diversity cases." *Foster v. Turley*, 808 F.2d 38, 40 (10th Cir. 1986) (citations omitted). Whether the Federal Arbitration Act applies in this context, or whether the issue is one of contract formation is questionable. Arbitration is a matter of contract between the parties. A party can only be made to submit to arbitration those disputes that it has agreed to submit to arbitration. *Olathe Senior Apartments, LP v. Ace Fire Underwriters Ins. Co.*, No. Civ. A. 04-2346-CM, 2005 WL 2416005, at *3 (D. Kan. Sep. 30, 2005). Thus, in this case the court primarily considers whether the parties agreed to submit to arbitration to be controlled by state law under diversity jurisdiction.

Compelling arbitration in this case would remain inappropriate under federal law as well. Acting under federal question jurisdiction, this District has allowed third parties to enforce arbitration agreements under the "intertwined claims" theory. *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 300 F. Supp. 2d 1107, 1139 (D. Kan. 2003). This equitable theory prevents a contracting party from denying the arbitration clause in the contract while also imposing contractual duties on a nonsigning party. *Id.* Thus, a requirement of the "intertwined claims" theory is that the contracting party must be suing in reliance on the contract. *Id.*

The "intertwined claims" theory does not apply in this case. Although defendant contends that the present litigation arises out of the admission contract, plaintiff's action is not based on a breach of the contract. It is a negligence action for the failure to provide adequate treatment and supervision. Thus, because plaintiff's action is not based on the contract, it is not intertwined with imposing contractual obligations. Compelling arbitration based on equity is not appropriate here.

**ii.    Proper defendant identity**

Although the court denies the motion to compel arbitration in this case because defendant was not a party to the admission contract, there remains the underlying issue of the proper identity of the appropriate defendant. In its motion, defendant stresses that it does not operate the facility to

which plaintiff's husband was admitted. Plaintiff refuses to concede that she failed to name the proper party as the defendant, but also suggests the court should grant "Plaintiffs leave to amend their complaint to identify other parties defendant." In response, defendant reasserts that it is not the proper party, but still promotes a motion to compel arbitration with defendant or "whichever party she believes to be the proper defendant." Defendant has not made a motion to dismiss based on a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

To clarify this confusion about which entity is the proper defendant, the court orders plaintiff to show good cause in writing why defendant is the proper party in this action on or before September 5, 2006.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, Alternative Motion to Compel Arbitration and to Stay Proceedings is denied.

**IT IS FURTHER ORDERED** that plaintiff shall show good cause in writing why defendant is the proper party on or before September 5, 2006.

Dated this 29th day of August 2006, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**